UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA EVERETT, | ) |
| | ) Case No. 4:23-CV-01649-KMN |
| Plaintiff, | ) |
| | ) JUDGE KELI M. NEARY |
| v. | ) |
| | ) |
| EXACT CARE PHARMACY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>DEFENDANT EXACT CARE PHARMACY, LLC'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO AMEND ITS ANSWER TO PLAINTIFF'S COMPLAINT</u>**

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The present action was filed by Plaintiff Brenda Everett on October 4, 2023, who alleged Exact Care violated the Telephone Consumer Protection Act ("TCPA") by sending prerecorded messages to Plaintiff's phone number. *See generally* ECF No. 1. Exact Care filed its Answer on November 27, 2023 and, *inter alia,* stated that Plaintiff submitted an online interest form via www.seniorassistancebenefits.com through which Plaintiff provided her express consent to be contacted by or on behalf of Exact Care. *See* ECF No. 9, ¶ 12. In so answering, Exact Care attached Exhibit A to its Answer which depicted the express consent language that Exact Care understood Plaintiff agreed to. *See id.*; ECF No. 9-1. This request by Exact Care for leave to amend its Answer is the result of the fact that, in the course of responding

1

to Plaintiff's discovery requests in recent months, Exact Care received from its third party vendor information it did not have when Exact Care filed its Answer.

Specifically, Exact Care contracts with third parties to identify potential patients for its pharmacy services. The vendor under contract with Exact Care specific to the allegations of this case is Conversion Finder. Conversion Finder is a lead-generating company that contracts with Exact Care to identify potential patients who have agreed to be contacted due to an interest in Exact Care's services. In turn, Conversion Finder works with other third parties in its lead-generation process for purposes including, but not limited to, website generation and record keeping.

Exact Care provides its vendors, including Conversion Finder, with the necessary consent language to provide potential patients upon contact to ensure compliance with, *inter alia*, the TCPA. Prior to June of 2023, Exact Care had provided Conversion Finder with the consent language cited in Exact Care's Answer and Exact Care understood that its specified consent language was utilized with the lead-generating website at issue in this case and that Plaintiff Brenda Everett had opted into.

After filing the original Answer, Exact Care moved for judgment on the pleadings and activity in this case was stayed, pending the resolution of that motion. ECF No. 21. Once this stay was lifted in March 2025, the parties engaged in discovery and, in the course of responding to Plaintiff's requests, Exact Care sought

additional information from Conversion Finder. Only then and in the course of responding to Plaintiff's discovery requests in mid-July of 2025, did Exact Care learn that the express consent language that Conversion Finder's vendor used and that the Plaintiff agreed to was not the same as that referenced in the original Answer. In fact, when Plaintiff opted into the lead website and expressly consented to be contacted by or on behalf of Exact Care, she agreed to be contacted by automated technology and to receive prerecorded messages. *See* Exhibits A and C attached to Proposed Amended Answer. Accordingly, Exact Care respectfully seeks leave to amend its Answer to reference the accurate consent provided by Plaintiff.

## II.    LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows for pleadings to be amended and directs courts to "freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. Pro. 15(a)(2). This liberal approach to amending pleadings applies equally to complaints and answers. *BDB & Sons Moving, Inc. v. Transguard Ins. Co.*, No. 08-3465, 2010 U.S. Dist. LEXIS 121794, at *8 (E.D. Pa. Nov. 16, 2010). In the Third Circuit, courts are instructed to grant leave unless the amendment is futile or if the amendment is related to undue delay, bad faith, dilatory motive by the moving party, causes prejudice to the non-moving party, or if there have been repeated failures to cure deficiencies by other previous attempts to amend. *Id.* at *7 (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d. Cir. 2004)).

### III.     ARGUMENT

Exact Care's Motion for Leave to Amend its Answer seeks to correct its Answer in light of information Exact Care recently received from its third party vendor, which Exact Care did not have when Exact Care filed its original Answer. Exact Care does not seek to amend its Answer for any bad faith purpose, but rather to fulfill its obligations to litigate in good faith and to supplement and correct its original Answer so that, *inter alia*, the factual record is accurate.  Accordingly, the requested amendment will not be futile in nature as it will serve the accuracy of the facts of record going forward and, further, it will not result in prejudice to Plaintiff because there is ample time to complete any discovery resulting from the amendment and assess her claims and Exact Care's defenses accordingly.  *See BDB & Sons Moving, Inc.*, 2010 U.S. Dist. LEXIS 121794, at *10 (noting that "[p]rejudice [in relation to a Rule 15 motion for leave to amend] refers to *legal* prejudice: where the non-moving party will be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'") (citing *Heyl & Patterson Int'l. Inc. v. F.D. Rich Housing of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981))).  Specifically, fact discovery is not scheduled to end until March 4, 2026.  *See* ECF No. 33.  Therefore, granting Exact Care leave to amend its Answer to account for the new information referenced herein will not prejudice Plaintiff as she has not been disadvantaged or deprived of the opportunity

4

to present facts or evidence in light of the proposed Amended Answer. Additionally, counsel for Exact Care conferred with Plaintiff's counsel regarding Exact Care's proposed Amended Answer and Plaintiff does not oppose the amendment.

Further, because Exact Care needed time to thoroughly investigate the new information provided by its vendor, Exact Care does not move this Court with undue delay or dilatory motives. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (noting that "delay alone is not sufficient to justify denial of leave to amend" and that only when a party "fails to take advantage of previous opportunities to amend, *without adequate explanation*, [will] leave to amend [be] properly denied.") (emphasis added).

On a final note, Exact Care maintains that the additional information included in the proposed Amended Answer does not change its position that Plaintiff's claims are barred by her express consent irrespective of whether Plaintiff agreed to be contacted by "automated technology" alone or "automated technology" **and** "prerecorded messages." In either case, it is and has been Exact Care's position that Plaintiff does not have viable claims for violation of the TCPA. Exact Care seeks leave to amend to ensure the accuracy of the facts of record. In doing so, it maintains that there is no significant change in its defense in this case and such amendments will not disrupt this case's progression.

## IV.   CONCLUSION

Given the above, Exact Care's Motion satisfies Rule 15's liberal standard in requesting leave to amend as there will be no prejudice to Plaintiff Everett nor is there any undue delay, futility, or dilatory motive.  Rather, Exact Care moves for leave to amend in order to litigate this case with full transparency and good faith.  Accordingly, Exact Care respectfully requests that this Court grants its Motion for Leave to Amend and direct the clerk to enter the attached proposed amended Answer.

Respectfully submitted,

*/s/ Colleen M. O'Neil*
Sean P. Fahey (PA 73305)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Sean.Fahey@troutman.com

Colleen M. O'Neil (OH 0066576)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
(216) 622-8200 (Phone)
(216) 241-0816 (Fax)
coneil@calfee.com
*Pro hac vice*

Gretchen L. Whaling (OH 0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 621-1500 (Phone)
 (614) 621-0010 (Fax)
gwhaling@calfee.com
*Pro hac vice*

*Attorneys for Defendant, Exact Care Pharmacy, LLC*

7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically on November 6, 2025, with the United States District Court for the Middle District of Pennsylvania. Notice of the filing will be sent by email to all counsel by operation of the Court's electronic filing system, and all parties may access this filing through that system.

*/s/ Colleen M. O'Neil*
Colleen M. O'Neil

4900-8975-6787, v.3